## SPARKS v. STATE. (6 Div. 49.)

(Court of Appeals of Alabama. Jan. 16, 1923. Rehearing Denied Feb. 6, 1923.)

1. Intoxicating liquors ⊂⊃236(6½)—Evidence held to support conviction of possessing prohibited liquors.

In prosecution for posssessing prohibited liquors, where a witness stated that he bought a bottle of whisky from defendant and paid him $2 for it, and that defendant handed him the whisky, there being no eyewitness, but other evidence corroborated witness' testimony that there was whisky in the bottle found in the possession of witness and another, to whom witness had delivered it shortly thereafter, the court was justified in finding defendant guilty.

2. Intoxicating liquors ⊂⊃236(6½) — Proof held to support allegation of possession of prohibited liquors.

In a prosecution for possessing prohibited liquors, proof that defendant handed a bottle of whisky to witness showed that defendant was at that time in "possession."

3. Criminal law ⊂⊃1159(3)—Finding of trial court on conflicting evidence not disturbed on appeal.

In a prosecution for possessing prohibited liquors, where trial was before the court without a jury, the finding on conflicting evidence

will not be disturbed, where it does not appear that such finding is contrary to the great weight of evidence.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Hubert Sparks was convicted of having prohibited liquors in his possession, and he appeals. Affirmed.

Wm. E. James, of Cullman, for appellant.

There was a variance between the allegations and the proof, entitling defendant to an acquittal. 26 Ala. 69. Defendant should not be convicted on the uncorroborated testimony of an accomplice. 58 Ala. 117; 15 Ala. App. 635, 74 South. 743.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the judgment of conviction.

BRICKEN, P. J. The prosecution against appellant originated by indictment in the circuit court of Cullman county, the charge being the possession of prohibited liquors or beverages by him contrary to law.

[1] Upon the trial of the cause, which trial was had before the court without a jury, the state introduced as a witness one Cicero White, who testified that within the time covered by the indictment and in Cullman county he bought a bottle of whisky from the defendant, and paid him the sum of $2 for it, and in this connection stated, "Mr. Sparks [defendant] handed me the whisky." There were no eyewitnesses to this transaction, but there was other evidence corroboratory of Witness White's testimony to the fact that it was whisky in the bottle found in the possession of White and another party, to whom White had delivered it, shortly or immediately after the alleged transaction between White and the defendant.

The defendant denied absolutely that he had sold the whisky. He testified that he had heard what White had stated, and that "it was not true." A direct conflict in the testimony is thus presented, and the court was justified in finding the defendant guilty, and in pronouncing the judgment as shown by the record.

[2] Counsel for appellant earnestly insists that there is a variance between the allegations contained in the indictment and the proof offered in support of same, thus implying by this insistence that, if the charge against the defendant was unlawfully possessing prohibited liquors or beverages, and the proof disclosed that he *sold* the whisky, the variance would of necessity cause the acquittal of the defendant. This insistence is without merit. If, as testified to by White, the principal state witness, the defendant "handed the bottle of whisky to him," this, of course, shows that the defendant was at that time in *possession* of the prohibited liquors, an offense complete within itself. The fact that he further violated the existing statutory laws of this state by also *selling* the whisky could not, of course, operate as a justification of the unlawful act of possessing same. From what has been said, based upon the evidence adduced upon this trial, it is evident that the defendant was not entitled to his discharge as a matter of law.

[3] The trial court heard the testimony of the several witnesses, saw them upon the stand, and thus had the opportunity of observing their demeanor and deportment while giving their testimony. There was ample evidence upon which to predicate the judgment of guilt rendered. This being true, under the oft-announced rule, this court will not disturb the finding of the lower court, especially in view of the fact that it does not clearly appear that such finding is contrary to the great weight of the evidence. We are of the opinion that the judgment rendered by the court is correct, and therefore the same is accordingly affirmed.

Affirmed.